# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-0624V
### Filed: June 19, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHRISTINE L. TISHMACK, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Tetanus-Diphtheria-acellular Pertussis; |
| | * | ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration; |
| AND HUMAN SERVICES, | * | ("SIRVA"); Special Processing Unit; |
| | * | ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Kate Westad, Esq., Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.*
*Julia McInerny, Esq., U.S. Dept. of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On July 18, 2014, Christine L. Tishmack filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury which was caused by the tetanus, diphtheria-acellular pertussis ["Tdap"] vaccine she received on July 22, 2011. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation. On June 19, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $80,000.00. Proffer at 1. According to respondent's Proffer, petitioner agrees to this proposed amount. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $80,000.00 in the form of a check payable to petitioner, Christine L. Tishmack.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTINE TISHMACK, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) No. 14-624V |
| SECRETARY OF HEALTH | ) Chief Special Master Vowell |
| AND HUMAN SERVICES | ) ECF |
| | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Julia W. McInerny
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
DATED:  June 18, 2015                    (202) 353-3919